United States District Court
Southern District of Texas
**ENTERED**
January 31, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOHNNIE ALBERT HARVELL, | § | |
| TDCJ # 01825366, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:19-CV-0032 |
| | § | |
| CARMELLA JONES, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff Johnnie Albert Harvell, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed a civil rights complaint (Dkt. 1) under 42 U.S.C. § 1983. Because this case is governed by the Prison Litigation Reform Act ("PLRA"), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for reasons that follow.

### I. BACKGROUND

According to TDCJ's online records, Harvell was sentenced in 2012 for three offenses of online solicitation of a minor in the 35th District Court of Mills County, Case Numbers 2739 & 2897. *See* Offender Information Details (available at https://offender.tdcj.texas.gov/OffenderSearch/) (last visited Jan. 30, 2019). He was sentenced to three terms in TDCJ (20 years, 10 years, and 10 years) (*id*.).

Harvell's complaint does not make allegations about the conditions of his confinement or raise a claim that is traditionally presented in a civil rights complaint under 42 U.S.C. § 1983. He also does not challenge the validity of his underlying conviction, which is a subject matter reserved for federal habeas corpus review. Rather, Harvell sues Gerald Garrett, a commissioner of the Texas Board of Pardons and Paroles (the "Board"), and two persons he identifies as members of the Board. He alleges that when the defendants denied his release on parole in 2014, 2015, 2016, 2017, and 2018, they violated his due process rights and subjected him to double jeopardy for his convictions. He seeks injunctive relief (release from TDCJ) and over $200,000 in compensatory and punitive damages.

TDCJ's online records state that the Board denied Harvell release on parole on June 14, 2018, for two reasons:

> **2D NATURE OF OFFENSE** - THE RECORD INDICATES THE INSTANT OFFENSE HAS ELEMENTS OF BRUTALITY, VIOLENCE, ASSAULTIVE BEHAVIOR, OR CONSCIOUS SELECTION OF VICTIM'S VULNERABILITY INDICATING A CONSCIOUS DISREGARD FOR THE LIVES, SAFETY, OR PROPERTY OF OTHERS, SUCH THAT THE OFFENDER POSES A CONTINUING THREAT TO PUBLIC SAFETY.
>
> **5D ADJUSTMENT DURING PERIODS OF SUPERVISION** - THE RECORD INDICATES UNSUCCESSFUL PERIODS OF SUPERVISION ON PREVIOUS PROBATION, PAROLE, OR MANDATORY SUPERVISION THAT RESULTED IN INCARCERATION, INCLUDING PAROLE-IN-ABSENTIA.

Parole Review Information for Johnnie Albert Harvell (available at https://offender.tdcj.texas.gov/OffenderSearch/reviewDetail.action?sid=08172298&tdcj=

01825366&fullName=HARVELL%2CJOHNNIE+ALBERT) (last visited Jan. 30, 2019). Harvell's next parole review date is June 2019 (*id*.).

Publicly available court records show that Harvell did not appeal his 2012 convictions and that he has not filed an application for state habeas relief with the Texas Court of Criminal Appeals since 2015. *See* Case Search for Johnnie Albert Harvell, Texas Court of Criminal Appeals (available at http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c) (last visited Jan. 30, 2019).[1]

## II.  STANDARD OF REVIEW

As required by the PLRA, the Court screens this case to determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A district court may dismiss a complaint as frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005). A dismissal for failure to state a claim is governed by the same standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for

---

[1]  Harvell filed a writ of habeas corpus in 2014, which the Texas Court of Criminal Appeals denied without written order. *Id*. He then filed two writs in 2015 which were dismissed for non-compliance with applicable rules. *Id.*

relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (internal citations and quotation marks omitted).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger*, 404 F.3d at 373.

## III.  **DISCUSSION**

Harvell filed this civil rights lawsuit challenging the board's decision to deny him release on parole. Under Texas law, a prisoner can be eligible for early release from confinement in two ways: "parole" and "mandatory supervision." "Parole" means "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the

supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6). "Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5). Regardless of the distinction, once an inmate is released to mandatory supervision, he is considered to be on parole. *See Jackson v. Johnson*, 475 F.3d 261, 263 n.1 (5th Cir. 2007) (citing TEX. GOV'T CODE § 508.147(b); *Coleman v. Dretke*, 395 F.3d 216, 219, n.1 (5th Cir. 2004)). An inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." TEX. GOV'T CODE § 508.147(a); *Jackson*, 475 F.3d at 263 n.1. However, the board's decisions regarding parole are wholly discretionary. TEX. GOV'T CODE § 508.001(6), § 508.141; *Jackson*, 475 F.3d at 263 n.1.

### A. The *Heck* Rule

Harvell is currently serving sentences imposed in 2012 for three offenses. His civil rights complaint seeks injunctive and monetary relief based on the defendants' decision to deny him release on parole.

Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), a claim for damages under 42 U.S.C. § 1983 that bears a relationship to a conviction or sentence is not

cognizable unless the conviction or sentence has been invalidated.[2] To recover damages based on allegations of "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil rights plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. If a judgment in favor of a civil rights plaintiff "would necessarily imply the invalidity of his conviction or sentence," then the complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. *See Hainze v. Richards,* 207 F.3d 795, 798 (5th Cir. 2000).

A finding in Harvell's favor in this case would necessarily imply that he is unlawfully confined. Therefore, he is entitled to proceed with his Section 1983 claim only if the decision denying release on parole previously has been reversed or otherwise declared invalid. Public court records do not reflect, and Harvell does not claim, that he has successfully challenged the denial of release on parole. Absent this showing, the rule in *Heck* precludes any claim for damages, as well as any claim for declaratory or injunctive relief. *See Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc).

---

[2] Although the line between civil rights claims and habeas claims is often "blurry," "challenges to the fact or duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought under § 1983." *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) (footnotes omitted) (citing, inter alia, *Preiser v. Rodriguez*, 411 U.S. 475 (1973)); see *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). The Court addresses below whether Harvell brings a claim that is cognizable on habeas corpus review.

The Supreme Court has unequivocally stated that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis removed).

Harvell's civil rights claims are not cognizable under 42 U.S.C. § 1983 at this time and his claims must be dismissed. The dismissal of the claims for monetary damages will be with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met"). The claims for injunctive and declaratory relief will be dismissed without prejudice. *See id.*; *Clarke*, 154 F.3d at 191.

### B. Habeas Corpus Relief

The Court declines to redesignate Harvell's request for injunctive relief as a habeas petition because Harvell's claims would lack an arguable basis in law. Although Harvell alleges that the defendants violated his due process rights, the Fifth Circuit has repeatedly held that Texas inmates "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). *See Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981) (Texas parole statute does not create a protectable expectancy of release but rather creates nothing more than a hope of parole); *see also Allison v. Kyle*, 66

F.3d 71, 74 (5th Cir. 1995); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993). Absent a protected liberty interest in attaining parole, Harvell would not be able to show that he was denied parole in violation of the Due Process Clause or that he otherwise is entitled to federal habeas corpus relief.[3] His habeas petition therefore would be subject to dismissal because it would lack an arguable basis in law. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

IV. **CONCLUSION**

For the reasons stated above the Court **ORDERS** that:

1. The complaint (Dkt. 1) under 42 U.S.C. § 1983 is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted. The plaintiff's claims for monetary damages are **dismissed with prejudice** to his claims being asserted again until the *Heck* conditions are met. His claim for injunctive relief is **dismissed without prejudice**.

2. Based on the certified inmate trust account statement (Dkt. 4) provided by the plaintiff, the application for leave to proceed *in forma pauperis* (Dkt. 2) is **GRANTED**.

3. All other pending motions, if any, are **DENIED as moot**.

**The Clerk will send a copy of this order to the parties and will also provide a copy of this order to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; (2) the Inmate Trust**

---

[3] Harvell also claims that the defendants' denial of parole in his case violates the double jeopardy protections in the Constitution. However, "[t]he Double Jeopardy Clause, applied to the States through the Fourteenth Amendment, provides that no person may be tried more than once 'for the same offence.'" *Currier v. Virginia*, 138 S. Ct. 2144, 2149 (2018) (quoting U.S. Const. amend. V). When the Board denied Harvell parole, it did not impose additional punishment for the offenses of which he was convicted, but rather required him to remain incarcerated on the sentence originally imposed. The Double Jeopardy Clause therefore is not implicated.

**Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793**; **and (3) the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov**.

SIGNED at Galveston, Texas, this 31st day of January, 2019.

_____
George C. Hanks Jr.
United States District Judge